UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. _____

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| EDUCATIONAL DATA SYSTEMS, INC, | )<br>) |
| Defendant. | )<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ("TRAVELERS"), files this complaint for declaratory relief against Defendant, EDUCATIONAL DATA SYSTEMS, INC. ("EDSI") and alleges as follows:

**JURISDICTION**

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

3. There is complete diversity of citizenship.

4. Pursuant to 28 U.S.C. § 1332(c)(1), TRAVELERS is a citizen of Connecticut by virtue of being a corporation organized under the laws of Connecticut with its principal place of business in Connecticut.

5. Pursuant to 28 U.S.C. § 1332(c)(1), EDSI is a citizen of Michigan by virtue of being a

corporation organized under the laws of Michigan with its principal place of business in Michigan.

6. Venue is proper because TRAVELERS requests declaratory relief regarding an incident that occurred in Cumberland County, North Carolina and underlying lawsuits filed in Cumberland County, North Carolina.

## **THE POLICIES**

7. TRAVELERS issued Excess Follow-Form and Umbrella Policy number ZUP-71M66273-19-NF (the "Travelers Policy") to EDSI with a policy period of October 1, 2019 to October 1, 2020. **Ex. A.**

8. Arch Insurance Company issued a general liability insurance policy number ZAGLB9221803 to EDSI with a policy period of October 1, 2019 to October 1, 2020 (the "Arch Policy"). **Ex. B.**

9. The Travelers Policy is excess to and incorporates certain provisions of the Arch Policy.

10. The Travelers Policy contains two liability coverage parts, Coverage A – Excess Follow Form Liability and Coverage B – Umbrella Liability.

11. Coverage A of The Travelers Policy provides:

**EXCESS FOLLOW-FORM AND UMBRELLA LIABILITY INSURANCE**

**SECTION I - COVERAGES**
**A. COVERAGE A - EXCESS FOLLOW-FORM LIABILITY**
1. We will pay on behalf of the insured those sums, in excess of the "applicable underlying limit", that the insured becomes legally obligated to pay as damages to which Coverage **A** of this insurance applies, provided that the "underlying insurance" would apply to such damages but for the exhaustion of its applicable limits of insurance. If a sublimit is specified in any "underlying insurance", Coverage **A** of this insurance applies to damages that are in excess of that sublimit only if such sublimit is shown for that "underlying

2

insurance" in the Schedule Of Underlying Insurance.

    **2.** Coverage **A** of this insurance is subject to the same terms, conditions, agreements, exclusions and definitions as the "underlying insurance", except with respect to any provisions to the contrary contained in this insurance

…

12. Coverage B of the Travelers Policy provides:

> **EXCESS FOLLOW-FORM AND UMBRELLA LIABILITY INSURANCE**
>
> **SECTION I - COVERAGES**
>
> B. COVERAGE B - UMBRELLA LIABILITY
>
> 1. We will pay on behalf of the insured those sums in excess of the "self-insured retention" that the insured becomes legally obligated to pay as damages because of "bodily injury"… to which Coverage B of this insurance applies. …
>
> 8. Coverage B of this insurance does not apply to damages covered by any "underlying insurance" or that would have been covered by any "underlying insurance" but for the exhaustion of its applicable limit of insurance.

13. The Travelers Policy includes the following exclusion applicable to Coverages A and Coverage B:

> **PROVISIONS**
>
> **1.** The following exclusion is added to Paragraph **A.** of **SECTION IV – EXCLUSIONS:**
>
> **Aircraft Products and Grounding**
>
> Damages arising out of any "aircraft product" or the "grounding" of any aircraft.
>
> **2.** The following is added to Paragraph **A.** of **SECTION VI – DEFINITIONS:**
>
> "Aircraft product" means:

3

> a. Aircraft, including missile or spacecraft, and any ground support or control equipment used with any aircraft, missile or spacecraft.
> …
> d. Training aids, navigation charts, navigation aids, manuals, blueprints, engineering or other data or advice, services and labor relating to such aircraft or products

14. The Travelers Policy also provides:

> **SECTION IV – EXCLUSIONS**
>
> This insurance does not apply to:
>
> B. With respect to Coverage **B:**
>
> **6. Aircraft**
>
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft that is owned or operated by or rented or loaned to any insured.
> **…**

15. The Arch Policy provides:

> This insurance does not apply to:
> …
> **g. Aircraft, Auto Or Watercraft**
>
> "Bodily injury" … arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that

4

> insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.
> ***

## THE UNDERLYING LAWSUITS AND CLAIMS

16. On or about February 17, 2020, Dominique D. Northcutt, Justin Emanuel Elliott and Vanessa Leal attended an aviation career day at Gray's Creek Airport, Fayetteville, North Carolina.

17. Northcutt, Elliott and/or Leal have alleged that EDSI was involved in the planning, sponsorship and/or planning of this event.

18. Northcutt, Elliott and Leal were allegedly invited to ride in a Cessna N5185R airplane in connection with this event.

19. Northcutt, Elliott and Leal were injured when this aircraft crashed shortly after takeoff.

20. Northcutt, Elliott and Leal allege that EDSI and other persons/entities are responsible for their injuries.

21. Walter L. Hart, IV, on behalf of Northcutt, has filed a lawsuit against EDSI and other defendants seeking damages for bodily injury sustained in the February 17, 2020 airplane crash (the "Northcutt Complaint"). **Ex. C.**

22. Elliott has filed a lawsuit against EDSI and other defendants seeking damages for bodily injury sustained in the February 17, 2020 airplane crash (the "Elliott Complaint"). **Ex. D.**

23. Leal has asserted claims against EDSI and other persons/entities for damages because of bodily injury sustained in the February 17, 2020 airplane crash but has not filed a lawsuit.

5

## EDSI'S TENDERS AND TRAVELERS' RESPONSE

24. EDSI tendered the Northcutt Complaint, the Elliott Complaint and the Leal claim to Arch and TRAVELERS.

25. Arch agreed to defend EDSI under a reservation of rights.

26. TRAVELERS reserved rights in response to the tenders and advised EDSI that the damages sought by Northcutt, Elliott and Leal were precluded by various provisions of the Travelers Policy, including those set forth above. **Ex. E.**

27. EDSI disputes TRAVELERS' coverage position and has demanded that TRAVELERS pay the full limits of the Travelers Policy, if necessary, to resolve the claims of Northcutt, Elliott and Leal.

28. TRAVELERS maintains that no coverage is available under the Travelers Policy for the damages sought by Northcutt, Elliott and Leal.

29. An actual case or controversy exists between Travelers and EDSI regarding the EDSI's demand for insurance coverage under the Travelers Policy with respect to the damages sought by Northcutt, Elliott and Leal.

## COUNT I – DECLARATORY RELIEF

30. TRAVELERS incorporates the allegations of paragraphs 1 through 29 as if fully set forth herein.

31. The damages sought by Northcutt, Elliott and Leal are excluded by the provisions of the Travelers Policy.

32. Travelers owes no duty to defend or indemnify EDSI or any other person or entity claiming to be an insured under the Travelers Policy with respect to the damages sought by Northcutt, Elliott and Leal.

33. EDSI nonetheless claims it is entitled to coverage under the Travelers Policy for the damages sought by Northcutt, Elliott and Leal.

34. An actual, present, and justiciable controversy has arisen and now exists between TRAVELERS and EDSI concerning their respective rights, duties and obligations under the Travelers Policy with respect to the damages sought by Northcutt, Elliott and Leal.

35. A declaratory judgment would serve a useful purpose in settling the parties' legal obligations and would afford relief from the uncertainty, insecurity, and controversy giving rise to the proceedings.

    WHEREFORE, TRAVELERS requests:

        1. Judgement in the form of declarations that i) no coverage is available under the Travelers Policy for any damages sought by Walter L. Hart, IV on behalf of Dominique D. Northcutt, Justin Emmanuel Elliott and Vanessa Leal for any damages sought in connection with the February 17, 2020 airplane crash at or near Gray's Creek Airport and ii) TRAVELERS has no duty to defend or indemnify EDSI or any other person or entity claiming to be an insured under the Travelers Policy with respect to any claim or lawsuit seeking such damages.

        2. Such other and further relief as to which the Court deems appropriate.

Dated November 12, 2021.

BUTLER WEIHMULLER KATZ CRAIG LLP

*/s/ Matthew J. Lavisky*
Matthew J. Lavisky
Florida Bar No.: 48109
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
Email: mlavisky@butler.legal
*Counsel for Travelers*

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ T. Nicholas Goanos
T. Nicholas Goanos
North Carolina Bar No.: 45656
11605 N. Community House Road, Suite 150
Charlotte, North Carolina 28277
Telephone: (704) 543-2321
Facsimile: (704) 543-2324
Email: tgoanos@butler.legal
*Local Civil Rule 83.1(d) Counsel for Travelers*